## AUTOMOBILE UNDERWRITERS INC v SMITH, Adm'r

Ohio Appeals, 4th Dist, Meigs Co

Decided June 17, 1932

R. M. Switzer, Gallipolis, for plaintiff in error.

D. H. Peoples, Pomeroy, for defendants in error.

MIDDLETON, J.

The record in this case is voluminous and for that reason is to some extent confusing. The case was finally submitted to a jury on the second amended petition, the answer thereto, the second amended reply to the answer and the evidence.

In considering the case we will dispose first of the attack made on the second amended petition by motion and demurrer. The purpose of this attack was doubtless to require the administrator to set forth in said amended pleading the averment that all of the conditions in the contract of insurance to be performed by the insured had been complied with. Both the motion and the demurrer were overruled, but if that order was erroneous it was not prejudicial for the reason that the court in its charge to the jury imposed upon the administrator the burden of proving that the insured had complied with all of the provisions the contract of insurance imposed upon him and was without fault on his part. It should be observed that the second amended petition attempted to avoid any liability for failure to plead full performance by the insured on the ground, as the pleading alleged, that the plaintiff was not informed of and had no means of knowing what conditions were imposed on the insured in the contract. The admitted facts in the record show that one Robert Marquardt on or about October

20, 1930, purchased from Automobile Underwriters, Inc., attorney in fact, hereinafter referred to as the underwriters, a certain indemnity insurance contract. By the provisions of this contract Marquardt was insured against any loss not to exceed five thousand dollars which might occur in the operation of a certain automobile; that on November 6, 1930, Marquardt while driving this machine on a public highway in this county collided with a machine then being operated by one Homer Smith and from injuries arising from that collision Smith died a short time thereafter. It must be emphasized here that the accident occurred in this county and that Smith was a resident of this county, and Charles E. Smith as administrator of Homer Smith brought an action for damages against Marquardt in this county on the claim the collision was caused by the fault of Marquardt, and that in said action the administrator recovered a judgment against Marquardt in the sum of $3,750. That case was heard in March, 1931, and on the 18th day of the following month the instant case was instituted. While the second amended petition contains much extraneous matter which it was not at all necessary to include in the pleading, we conclude that the cause of action as set forth in this pleading is an action for the amount of the judgment recovered against Marquardt and for that specific amount only, and that the administrator's right to recover in this action rests entirely on the prior recovery against Marquardt and the lawful right to that recovery.

When the instant case was filed summons was issued for the defendants named herein other than Marquardt and service thereof on the underwriters was made on the superintendent of insurance of this state under the authority of §9556-4, GC. Immediately after the service of this summons the underwriters filed a motion to quash said service on several grounds and the overruling of that motion is now urged as vital error in the proceeding under consideration. It is the contention of the underwriters that the superintendent of insurance of the state of Ohio had no legal authority to accept service of summons and process in this case for the reason that the action under which service was made was founded upon a contract of insurance made and entered into in the state of Indiana, and the instrument in writing which appointed the superintendent of insurance to accept service of summons conferred no authority on said superintendent so to do in a case of this kind. It is further contended that the defendant was not transacting or doing business within the state of Ohio at the time of the occurrence

of the injury or at any subsequent time thereto, or at the time the contract of insurance involved in this action was made and entered into or at any time thereafter. This motion was submitted to the court on evidence and that evidence includes a copy of the appointment of the superintendent of insurance by the underwriters and also a copy of the license granted by the superintendent to the underwriters to do business in Ohio. An examination of the power conferred upon the superintendent by the underwriters shows conclusively that the superintendent was expressly authorized.

"To receive and acknowledge service of process in all actions arising in said state out of such policy or contracts of indemnity, as duly provided for by the law of Ohio."

This provision, therefore, is conclusive of the controversy over the service of summons. It is the contention of the defendant corporation that the cause of action did not arise in this state. This contention is erroneous. The collision which caused the death of Smith occurred in this county, as before observed, and Marquardt at the time it occurred was a resident of this state, and the fact his contract of insurance was made in Indiana does not change the situs of the cause of action. Neither can the further fact affect the situation that at the time this contract was made the defendant corporation was not doing business in Ohio and had not at any time thereafter done business in Ohio.

The record shows that the defendant corporation under the provisions of the General Code applied for license to do business in this state for the years 1929, '30 and '31, and that a license for each of said years was duly granted by the superintendent of insurance of this state. As before observed, in accordance with the further requirement of the law, said superintendent was duly designated as the person to acknowledge service of summons in this state in all actions against said corporation in this state. There was and is no provision in said license or the appointment of said superintendent whereby in order to make the provisions of said instrument effective any active business transactions should be had by the underwriters arising in this state or that such action should be limited to contracts made in this state. It follows that it is immaterial, as affecting the liability of the underwriters, that it did not during the years named have any business transactions in this state. It was duly authorized to do business and for that privilege had subjected itself to the jurisdiction of the courts of this state and had received authority from the state, which was a substantial and valuable business asset to it in that it offered an inducement at least in some cases to the purchaser of its contracts. These are considerations that the courts of this state have a right to infer. It would indeed be a strange interpretation of the sections named to hold that a foreign corporation may have the rights conferred by those sections and then escape all liabiity thereunder on the ground that it was not doing business in the state during the time named in its license to do business. This motion was properly overruled.

We do not deem it necessary to consider but one more complaint by the underwriters in this proceeding. It is contended by it that the evidence in this case plainly establishes non-performance by the insured Marquardt of the obligations imposed upon him by his contract of insurance. It appears from the record that when the accident occurred Marquardt notified the corporation of the accident, as he was required to do, and in such information made this statement:

"My car did not come in contact with his car at any point."

The record discloses that relying upon this representation of Marquardt the underwriters furnished counsel to defend him in the suit against him, in which the judgment sued on here was rendered. Notwithstanding this statement in his report it is clearly established by the evidence that Marquardt on the day after the accident discovered marks on his automobile which plainly evidenced that the machine had come in contact with an obstruction of some kind. These marks, it appears from the record, were not easily to be seen. While the machine was examined by a number of witnesses who testified that they observed no marks it was the contention of the administrator that the marks in question were the result of the collision, and in the determination of the case we must conclude that the jury so found, and that it had a right to find that the marks were evidence of a collision between the car of Marquardt and that of the decedent.

In the trial of the case against Marquardt he was called for cross examination by counsel for the administrator. The evidence shows that a few days prior to that time counsel for the administrator claimed that he discovered the marks on Marquardt's machine and there had been some connection between Marquardt and counsel for the administrator growing out of that discovery.

In his cross examination Marquardt admitted to the jury that he had told certain parties that he struck the automobile of the decedent Smith and he further testified as follows:

"I had been in Middleport and was driving south, going home, and passed several machines and went to pass this one and got too close and I did not know we hit that night, my machine was large the other car being a Ford, and the next day I found the marks on the car."

Now in connection with this admission of Marquardt it should be remembered that in his report to the underwriters made three days after the accident he made the statement to which reference has previously been made. It is apparent that the admissions aforesaid left no defense in the action against Marquardt. Counsel for the underwriters in the instant action, who was counsel for Marquardt in the former case, testified in the instant case that he knew nothing of the facts so stated by Marquardt until Marquardt made them on the witness stand. He says in his testimony:

"I went into the trial and the first I knew from Mr. Marquardt that he claimed there were any marks on this car made that night of the accident was when Mr. Peoples put him on the stand for cross examination."

This statement of counsel for the underwriters is not disputed in the evidence. Marquardt's action and his testimony in the trial of the first case plainly established his failure to comply with the conditions of the contract of insurance. It goes without saying that the defendant corporation has in this action a right to set up any defense against this judgment that it might have against an action by Marquardt.

At the close of all of the evidence counsel for the underwriters made a motion to the court to direct the jury to return a verdict for the corporation. This motion was overruled. We conclude upon the undisputed facts in evidence that the trial court erred in not sustaining this motion, that Marquardt's own testimony establishes clearly that he deceived the corporation in his report of the accident and continued to deceive it until it was too late for the corporation to make any adjustment of its liability under the contract, and that he did not cooperate in good faith with the corporation in the proceedings growing out of the accident and its liability under the contract of insurance.

The overruling of the motion for a directed verdict in the trial court was erroneous and the judgment of that court is therefore reversed. This court coming now to render the judgment which that court should have rendered it is ordered that the petition of the plaintiff be dismissed and judgment entered in favor of the defendant corpoation.

MAUCK, PJ, and BLOSSER, J, concur.